Brian T. Dunn, Esq. (SBN 176502)
Jennifer A. Bandlow, Esq. (SBN 265757)
Jonathan D. Evans, Esq. (SBN 302887)
**THE COCHRAN FIRM - CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California  90010-3824
telephone     (323) 435-8205
facsimile     (323) 282-5280
jbandlow@cochranfirm.com

Attorneys for Plaintiff JANE DOE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual | CASE NO. 2:16-cv-03319 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES FOR:** |
| CITY OF LOS ANGELES; SERGEANT KOSAL UCH, an individual; and DOES 1 through 10, inclusive, | **1)  Violation of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Search and Seizure)** |
| Defendants. | **2)  Violation of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Intrusion into Privacy)** |
| | **3)  Invasion of Privacy** |
| | **4)  False Arrest and Imprisonment** |
| | **5)  Negligence (All Defendants)** |
| | **6)  Negligence (City)** |
| | **7)  Negligence Per Se** |
| | **8)  Intentional Infliction of Emotional Distress** |
| | |
| | **DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.     Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2.     Venue is proper in the Central District of California under 28 U.S.C. §1391(a)-(b).

## PARTIES

3.     Plaintiff JANE DOE ("JANE DOE" or "Plaintiff") is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles, State of California. At all relevant times mentioned herein, Plaintiff was a minor.

4.     Plaintiff is informed and believes and thereupon alleges that Defendant SERGEANT KOSAL UCH (hereinafter "SERGEANT UCH") is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant SERGEANT UCH was a police officer employed by the City of Los Angeles and the Los Angeles Police Department (hereinafter referred to as "LAPD"), and was acting under color of law and in the course and scope of his employment with the City of Los Angeles and the LAPD.

5.     Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege these Defendants' true names and capacities when that information becomes known to her. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of these Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or

vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth the true names and identities of the unknown named DOE Defendants when they are ascertained.

6.      On February 9, 2016, a claim for damages was filed on behalf of Plaintiff with the CITY OF LOS ANGELES, in substantial compliance with California Government Code § 910, et seq.

7.      Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

8.      Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

9.      This Complaint arises out of an incident that occurred in the evening hours of March 3, 2015 in Woodland Hills, in the City and County of Los Angeles and State of California. Plaintiff JANE DOE, then a minor, and a friend, also a minor, drove to the top of Winnetka Avenue near Corbin Canyon Park to look at the view. They decided to have consensual sex in the vehicle. Afterwards, at or around 10:15 p.m., Plaintiff's friend exited the vehicle and Plaintiff began to put her clothes on when the car door was opened by Defendant SERGEANT KOSAL UCH ("SERGEANT UCH"), employed by and acting in the course and scope of his employment with the City of Los Angeles ("CITY") and Los Angeles Police Department ("LAPD") and acting under color of law.

10.     SERGEANT UCH negligently assessed the circumstances presented to him, and unjustifiably stopped and detained Plaintiff and her friend without having probable cause or reasonable suspicion to believe that either Plaintiff or her friend had committed any crime, or would commit a crime in the future. When SERGEANT UCH first made contact with Plaintiff, Plaintiff was in the backseat of the vehicle, which was legally

parked, and had committed no criminal offense. SERGEANT UCH was wearing what appeared to be a police uniform with stripes on the shoulder. He had a gun, but Plaintiff did not see a name badge. Additionally SERGEANT UCH was not in or near a patrol car.

11.   Without warning, SERGEANT UCH opened the rear door of the vehicle, pointed his cell phone at Plaintiff with the flash on and began video recording her, while she was wearing only her bra and was naked from the waist down, with her genitals exposed. SERGEANT UCH told Plaintiff to look into the camera and state her name and age. Plaintiff complied, telling SERGEANT UCH that she was only seventeen (17) years old.

12.   While video-recording Plaintiff, who was almost completely naked, SERGEANT UCH stated that he was a police officer and that Plaintiff would be arrested for having sex in public. SERGEANT UCH continued filming Plaintiff naked and told her to get dressed. Plaintiff was crying and shaking and asked SERGEANT UCH if he would close the door while she put her clothes on; however, SERGEANT UCH refused her request and continued filming Plaintiff, observing her and shining the light on her while she put on her underwear.

13.   SERGEANT UCH unlawfully detained Plaintiff and her friend and refused to allow them to leave. SERGEANT UCH told Plaintiff and her friend he was going to take them to juvenile court and jail.  SERGEANT UCH told Plaintiff and her friend they were disgusting.

14.   SERGEANT UCH then further unlawfully detained Plaintiff and her friend by ordering Plaintiff and her friend to pick up trash in the area, which they did. Additionally, SERGEANT UCH took photos of Plaintiff and her friend with his cell phone.

15.   SERGEANT UCH requested photo identification from Plaintiff; however, Plaintiff only had a school I.D. in her possession. SERGEANT UCH took photos of the I.D. with his cell phone.

16.     SERGEANT UCH then ordered Plaintiff and her friend back into their private vehicle and told them that they would be notified in two weeks via mail regarding prosecution. He did not give Plaintiff or her friend any sort of ticket or summons.

17.     At no time during the course of these events did Plaintiff consent to SERGEANT UCH's detention of her person, nor did she do anything to justify the unlawful search and seizure of her person by SERGEANT UCH, and SERGEANT UCH's detention, search and seizure of Plaintiff's person was unnecessary and unlawful.

18.     Both prior to and during the time in which she was detained, video-recorded, and photographed, Plaintiff made no furtive gestures and no physical movements that would suggest to a reasonable police officer that she was concealing any contraband.  Plaintiff was almost nearly naked, with her genitals exposed, when she was encountered by SERGEANT UCH.  Both prior to and during the time in which Defendant SERGEANT UCH detained and filmed Plaintiff, SERGEANT UCH was not faced with any circumstances that would have led a reasonable police officer to believe that Plaintiff posed a risk of concealing contraband.

19.     When Plaintiff arrived home that evening she and her mother called 911 and reported the incident. LAPD officers later came to her home and interviewed Plaintiff. Plaintiff gave a written statement to officers that evening. Subsequently, Plaintiff's mother spoke with an LAPD detective and told the detective that she wanted to get a lawyer. The detective told Plaintiff's mother she had ample time to file a lawsuit, and that she could not file suit until the LAPD's investigation was complete, thereby misleading Plaintiff with respect to the time requirements of her claim and with respect to the advisability of retaining counsel.

20.     Plaintiff is informed and believes that SERGEANT UCH is still presently employed by LAPD as a police officer. Upon information and belief, as of February 2016, SERGEANT UCH was on paid administrative leave.

## DAMAGES

21.     Plaintiff suffered severe and permanent injuries as a direct and proximate

result of the horrific encounter with SERGEANT UCH, including, but not limited to, panic, depression, fear of police and severe emotional distress, amongst other injuries to her mind and body. Plaintiff sustained severe, serious and permanent injuries to her mind and body, and has suffered economic and non-economic damages in an amount to be shown according to proof and within the jurisdiction of this Court.

22.     As a direct and proximate result of the aforementioned acts, JANE DOE has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, all to her damage in a sum to be determined at trial. Further, Plaintiff has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and/or counseling. Additionally, JANE DOE has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated violations. As a further result of the conduct of each of these defendants, JANE DOE has lost past and future earnings and earning capacity in an amount to be determined according to proof at trial.

///
///
///
///
///
///

# FIRST CAUSE OF ACTION

**(By Plaintiff JANE DOE Against Defendant SERGEANT UCH**

**for Violations of Civil Rights**

**[42 U.S.C. § 1983])**

**(Based on Unreasonable Search and Seizure)**

23.     Plaintiff incorporates all previous allegations contained in this Complaint as though fully set forth herein.

24.     This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, Plaintiff's right to be free from unreasonable governmental searches and seizures.

25.     At all times mentioned herein, Defendant SERGEANT UCH was employed by the CITY.  The CITY provided SERGEANT UCH with an official badge and identification cards which designated and described SERGEANT UCH as an agent and employee of the CITY.

26.     During all times mentioned herein, SERGEANT UCH acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CITY, and in so doing, deprived JANE DOE of the rights, privileges, and immunities secured to her by the Fourth Amendment to the United States Constitution and the laws of the United States.

27.     During all times mentioned herein, SERGEANT UCH was acting in the course and scope of his employment with the CITY.

28.     In the evening hours of March 3, 2015 in Woodland Hills, in the City and County of Los Angeles and State of California, Plaintiff JANE DOE, then a minor, and a friend, also a minor, drove to the top of Winnetka Avenue near Corbin Canyon Park to look at the view. They decided to have consensual sex in the vehicle. At or around 10:15 p.m., Plaintiff's friend exited the vehicle and Plaintiff began to put her clothes on when, without warning, the car door was opened by Defendant SERGEANT UCH, who unjustifiably stopped and detained Plaintiff and her friend without having probable cause or reasonable suspicion to believe that either Plaintiff or her friend had committed any crime, or would commit a crime in the future. When SERGEANT UCH first made contact with Plaintiff, Plaintiff was in the backseat of the vehicle, which was legally

parked, and had committed no criminal offense. SERGEANT UCH was wearing what appeared to be a police uniform with stripes on the shoulder. He had a gun, but Plaintiff did not see a name badge. Additionally SERGEANT UCH was not in or near a patrol car.

29.     Without warning, SERGEANT UCH opened the rear door of the vehicle, pointed his cell phone at Plaintiff with the flash on and began video recording her, while she was wearing only her bra and was naked from the waist down, with her genitals exposed. SERGEANT UCH told Plaintiff to look into the camera and state her name and age. Plaintiff complied, telling SERGEANT UCH that she was only seventeen (17) years old. While video-recording Plaintiff, who was almost completely naked, SERGEANT UCH stated that he was a police officer and that Plaintiff would be arrested for having sex in public. SERGEANT UCH continued filming Plaintiff naked and told her to get dressed. Plaintiff was crying and shaking and asked SERGEANT UCH if he would close the door while she put her clothes on; however, SERGEANT UCH refused her request and continued filming Plaintiff, observing her and shining the light on her while she put on her underwear.

30.     SERGEANT UCH unlawfully detained Plaintiff and her friend and refused to allow them to leave. SERGEANT UCH then took photographs of Plaintiff and her friend with a cell phone. SERGEANT UCH told Plaintiff and her friend he was going to take them to juvenile court and jail.  SERGEANT UCH told Plaintiff and her friend they were disgusting. SERGEANT UCH then further unlawfully detained Plaintiff and her friend by ordering Plaintiff and her friend to pick up trash in the area, which they did. SERGEANT UCH additionally requested photo identification from Plaintiff; however, Plaintiff only had a school I.D. in her possession. SERGEANT UCH took photos of the I.D. with a cell phone. SERGEANT UCH then ordered Plaintiff and her friend back into their private vehicle and told them that they would be notified in two weeks via mail regarding prosecution. He did not give Plaintiff or her friend any sort of ticket or summons.

31.   At no time during the course of these events did Plaintiff consent to SERGEANT UCH's detention of her person, nor did she do anything to justify the unlawful search and seizure of her person by SERGEANT UCH, and SERGEANT UCH's detention, search and seizure of Plaintiff's person was unnecessary and unlawful.

32.   Both prior to and during the time in which she was detained, searched, video-recorded, and photographed, Plaintiff made no furtive gestures and no physical movements that would suggest to a reasonable police officer that she was concealing any contraband.  Plaintiff was almost nearly naked, with her genitals exposed, when she was encountered by SERGEANT UCH.  Both prior to and during the time in which Defendant SERGEANT UCH detained and filmed Plaintiff, SERGEANT UCH was not faced with any circumstances that would have led a reasonable police officer to believe that Plaintiff posed a risk of concealing contraband.

33.   Throughout the incident described in this Complaint, Defendant CITY and the Los Angeles Police Department, including SERGEANT UCH, detained Plaintiff under color of law, without lawful warrant, and without having probable cause or any reasonable suspicion to believe that Plaintiff had committed any crime or would commit a crime in the future, and after Plaintiff had been unlawfully searched, photographed and recorded. During this detention, due to the actions, commands, and command presence of SERGEANT UCH, Plaintiff was not free to leave.

34.   Based upon all of the foregoing facts, as alleged in this Complaint, SERGEANT UCH unreasonably stopped, detained, and searched JANE DOE, as previously described, all of which constituted an unreasonable and unlawful detention in violation of and with deliberate indifference to JANE DOE'S constitutional right to be free from unreasonable searches and seizures, and her right to be free from unlawful arrests and detentions.

35.   The individual defendants named herein, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive

JANE DOE of her federally protected rights and privileges, and did in fact violate those rights and privileges, entitling JANE DOE to punitive and exemplary damages in an amount to be proven at the trial of this matter.

36.    As a direct, legal and proximate result of the acts of Defendants, and each of them, as set forth herein, JANE DOE suffered severe emotional distress which has caused JANE DOE to sustain severe, serious and permanent injuries to her mind and body, and economic and non-economic damages in an amount to be shown according to proof and within the jurisdiction of this Court.

37.    As a direct and proximate result of the aforementioned acts, JANE DOE has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, panic, depression, fear of police, anxiety, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, all to her damage in a sum to be determined at trial.

38.    As a further result of the acts herein alleged, Plaintiff has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and/or counseling. Additionally, JANE DOE has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated violations. As an additional result of the conduct of each of these defendants, JANE DOE has lost past and future earnings and/or earning capacity in an amount to be determined according to proof at trial.

39.    Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

### (By Plaintiff JANE DOE Against Defendant SERGEANT UCH for Violations of Civil Rights [42 U.S.C. § 1983])

**(Based on Unreasonable Intrusion of Privacy)**

40.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

41.     This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, including, but not limited to, Plaintiff's right to be free from arbitrary governmental intrusions into her privacy.

42.     At all times mentioned herein, Defendant SERGEANT UCH was employed by the CITY.  The CITY provided SERGEANT UCH with an official badge and identification cards which designated and described SERGEANT UCH as an agent and employee of the CITY.

43.     During all times mentioned herein, SERGEANT UCH acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CITY, and in so doing, deprived JANE DOE of the rights, privileges, and immunities secured to her by the Fourteenth Amendment to the United States Constitution and the laws of the United States.

44.     During all times mentioned herein, SERGEANT UCH was acting in the course and scope of his employment with the CITY.

45.     In the evening hours of March 3, 2015 in Woodland Hills, in the City and County of Los Angeles and State of California, Plaintiff JANE DOE, then a minor, and a friend, also a minor, drove to the top of Winnetka Avenue near Corbin Canyon Park to look at the view. They decided to have consensual sex in the vehicle. At or around 10:15 p.m., Plaintiff's friend exited the vehicle and Plaintiff began to put her clothes on when, without warning, the car door was opened by Defendant SERGEANT UCH, who unjustifiably stopped and detained Plaintiff and her friend without having probable cause or reasonable suspicion to believe that either Plaintiff or her friend had committed any

crime, or would commit a crime in the future. When SERGEANT UCH first made contact with Plaintiff, Plaintiff was in the backseat of the vehicle, which was legally parked, and had committed no criminal offense. SERGEANT UCH was wearing what appeared to be a police uniform with stripes on the shoulder. He had a gun, but Plaintiff did not see a name badge. Additionally SERGEANT UCH was not in or near a patrol car.

46.     Without warning, SERGEANT UCH opened the rear door of the vehicle, pointed his cell phone at Plaintiff with the flash on and began video recording her, while she was wearing only her bra and was naked from the waist down, with her genitals exposed. SERGEANT UCH told Plaintiff to look into the camera and state her name and age. Plaintiff complied, telling SERGEANT UCH that she was only seventeen (17) years old. While video-recording Plaintiff, who was almost completely naked, SERGEANT UCH stated that he was a police officer and that Plaintiff would be arrested for having sex in public. SERGEANT UCH continued filming Plaintiff naked and told her to get dressed. Plaintiff was crying and shaking and asked SERGEANT UCH if he would close the door while she put her clothes on; however, SERGEANT UCH refused her request and continued filming Plaintiff, observing her and shining the light on her while she put on her underwear.

47.     SERGEANT UCH unlawfully detained Plaintiff and her friend and refused to allow them to leave. SERGEANT UCH then took photographs of Plaintiff and her friend with a cell phone. SERGEANT UCH told Plaintiff and her friend he was going to take them to juvenile court and jail.  SERGEANT UCH told Plaintiff and her friend they were disgusting. SERGEANT UCH then further unlawfully detained Plaintiff and her friend by ordering Plaintiff and her friend to pick up trash in the area, which they did. SERGEANT UCH additionally requested photo identification from Plaintiff; however, Plaintiff only had a school I.D. in her possession. SERGEANT UCH took photos of the I.D. with a cell phone. SERGEANT UCH then ordered Plaintiff and her friend back into their private vehicle and told them that they would be notified in two weeks via mail

regarding prosecution. He did not give Plaintiff or her friend any sort of ticket or summons.

48.   At no time during the course of these events did Plaintiff consent to SERGEANT UCH's detention of her person, nor did she do anything to justify the unlawful search and seizure of her person by SERGEANT UCH, and SERGEANT UCH's detention, search and seizure of Plaintiff's person was unnecessary and unlawful.

49.   Both prior to and during the time in which she was detained, video-recorded, and photographed, Plaintiff made no furtive gestures and no physical movements that would suggest to a reasonable police officer that she was concealing any contraband.  Plaintiff was almost nearly naked, with her genitals exposed, when she was encountered by SERGEANT UCH.  Both prior to and during the time in which Defendant SERGEANT UCH detained and filmed Plaintiff, SERGEANT UCH was not faced with any circumstances that would have led a reasonable police officer to believe that Plaintiff posed a risk of concealing contraband.

50.   At all times mentioned herein, Defendant SERGEANT UCH acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the City of Los Angeles. Defendant SERGEANT UCH deprived Plaintiff of the rights, privileges, and/or immunities secured to her by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from arbitrary governmental intrusion into her privacy.

51.   Plaintiff had the right to be free from unreasonable governmental seizures of her person, a right which was secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. Plaintiff had the right to be free from arbitrary governmental intrusion into her privacy, a right which was secured to Plaintiff by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of Defendant SERGEANT UCH, which proximately

caused severe injuries to Plaintiff.

52.    Plaintiff is informed, believes, and thereupon alleges, that in unreasonably intruding into her privacy, as described in the foregoing paragraphs of this Complaint, Defendant SERGEANT UCH acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive Plaintiff of her federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant SERGEANT UCH in an amount to be proven at the trial of this matter.

53.    As a direct, legal and proximate result of the acts of Defendants, and each of them, as set forth herein, JANE DOE suffered severe emotional distress which has caused JANE DOE to sustain severe, serious and permanent injuries to her mind and body, and economic and non-economic damages in an amount to be shown according to proof and within the jurisdiction of this Court.

54.    As a direct and proximate result of the aforementioned acts, JANE DOE has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, panic, depression, fear of police, anxiety, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, all to her damage in a sum to be determined at trial.

55.    As a further result of the acts herein alleged, Plaintiff has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and/or counseling. Additionally, JANE DOE has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated violations. As an additional result of the conduct of each of these defendants, JANE DOE has lost past and future earnings and/or earning capacity in an

amount to be determined according to proof at trial.

56.     Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

### Invasion of Privacy

### [*Cal. Gov. Code* §§ *815.2, 820(a)*; *Cal. Const., Art. I, Sec. I*]

### (Against All Defendants)

57.     Plaintiff incorporates all previous allegations contained in this Complaint as though fully set forth herein.

58.     All claims asserted herein against the Defendant CITY are presented pursuant to the CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a). Additionally, Defendants CITY and DOES 1 through 10 are vicariously liable for the acts alleged herein committed by SERGEANT UCH pursuant to *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, and its progeny, holding "that when, as in this case, a police officer on duty misuses his official authority by [engaging in sexual misconduct with] a woman whom he has detained, the public entity that employs him can be held vicariously liable." *Mary M.* at 221.

59.     Article I, Section I of the California Constitution states "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." (Amended Nov. 7, 1972, to add the word "privacy.")

60.     As alleged above, Defendants invaded Plaintiff's privacy by acts including, but not limited to, video recording her while she was naked from the waist down with her genitals exposed, taking photographs of Plaintiff, and copying her school I.D. with a

cell phone.

61.    At all times herein mentioned and up to and including the present, Plaintiff had a reasonable expectation of privacy in her personal and private information, including her nude body and her school identification. Defendant SERGEANT UCH's intentional conduct, as described above, constituted a serious invasion of Plaintiff's right to privacy.

62.    Plaintiff is informed and believes and thereupon alleges that the fictitious Defendants named as DOES 1 through 10, inclusive, aided, abetted, incited, compelled, coerced or conspired to commit one or more of the acts alleged herein.

63.    Defendants, and each of them, committed the acts alleged herein maliciously, despicably, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.

64.    Because the wrongful conduct was committed by managerial employees acting in the course and scope of their employment and because Defendants, and each of them, authorized, ratified and condoned the actions and omissions of each and every other Defendant, Plaintiff is thus entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

65.    As a direct, legal and proximate result of the acts of Defendants, and each of them, as set forth herein, JANE DOE suffered severe emotional distress which has caused JANE DOE to sustain severe, serious and permanent injuries to her mind and body, and economic and non-economic damages in an amount to be shown according to proof and within the jurisdiction of this Court.

66.    As a direct and proximate result of the aforementioned acts, JANE DOE has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, panic, depression, fear of police, anxiety, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and

obtaining the full enjoyment of life, all to her damage in a sum to be determined at trial.

67.     As a further result of the acts herein alleged, Plaintiff has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and/or counseling. Additionally, JANE DOE has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated violations. As an additional result of the conduct of each of these defendants, JANE DOE has lost past and future earnings and/or earning capacity in an amount to be determined according to proof at trial.

///

///

///

///

## FOURTH CAUSE OF ACTION

### False Arrest and Imprisonment

### [*Cal. Gov. Code* §§ 815.2, 820(a)]

### (Against All Defendants)

68.     Plaintiff JANE DOE restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

69.     All claims asserted herein against the Defendant CITY are presented pursuant to the CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

70.     In the evening hours of March 3, 2015 in Woodland Hills, in the City and County of Los Angeles and State of California, Plaintiff JANE DOE, then a minor, and a friend, also a minor, drove to the top of Winnetka Avenue near Corbin Canyon Park to look at the view. They decided to have consensual sex in the vehicle. At or around 10:15 p.m., Plaintiff's friend exited the vehicle and Plaintiff began to put her clothes on when, without warning, the car door was opened by Defendant SERGEANT UCH, who

negligently assessed the circumstances presented to him, and unjustifiably stopped and detained Plaintiff and her friend without having probable cause or reasonable suspicion to believe that either Plaintiff or her friend had committed any crime, or would commit a crime in the future. When SERGEANT UCH first made contact with Plaintiff, Plaintiff was in the backseat of the vehicle, which was legally parked, and had committed no criminal offense. SERGEANT UCH was wearing what appeared to be a police uniform with stripes on the shoulder. He had a gun, but Plaintiff did not see a name badge. Additionally SERGEANT UCH was not in or near a patrol car.

71.     Without warning, SERGEANT UCH opened the rear door of the vehicle, pointed his cell phone at Plaintiff with the flash on and began video recording her, while she was wearing only her bra and was naked from the waist down, with her genitals exposed. SERGEANT UCH told Plaintiff to look into the camera and state her name and age. Plaintiff complied, telling SERGEANT UCH that she was only seventeen (17) years old. While video-recording Plaintiff, who was almost completely naked, SERGEANT UCH stated that he was a police officer and that Plaintiff would be arrested for having sex in public. SERGEANT UCH continued filming Plaintiff naked and told her to get dressed. Plaintiff was crying and shaking and asked SERGEANT UCH if he would close the door while she put her clothes on; however, SERGEANT UCH refused her request and continued filming Plaintiff, observing her and shining the light on her while she put on her underwear.

72.     SERGEANT UCH unlawfully detained Plaintiff and her friend and refused to allow them to leave. SERGEANT UCH then took photographs of Plaintiff and her friend with a cell phone. SERGEANT UCH told Plaintiff and her friend he was going to take them to juvenile court and jail.  SERGEANT UCH told Plaintiff and her friend they were disgusting. SERGEANT UCH then further unlawfully detained Plaintiff and her friend by ordering Plaintiff and her friend to pick up trash in the area, which they did. SERGEANT UCH additionally requested photo identification from Plaintiff; however, Plaintiff only had a school I.D. in her possession. SERGEANT UCH took photos of the

I.D. with a cell phone. SERGEANT UCH then ordered Plaintiff and her friend back into their private vehicle and told them that they would be notified in two weeks via mail regarding prosecution. He did not give Plaintiff or her friend any sort of ticket or summons.

73.     At no time during the course of these events did Plaintiff consent to SERGEANT UCH's detention of her person, nor did she do anything to justify the unlawful search and seizure of her person by SERGEANT UCH, and SERGEANT UCH's detention, search and seizure of Plaintiff's person was unnecessary and unlawful.

74.     Both prior to and during the time in which she was detained, video-recorded, and photographed, Plaintiff made no furtive gestures and no physical movements that would suggest to a reasonable police officer that she was concealing any contraband.  Plaintiff was almost nearly naked, with her genitals exposed, when she was encountered by SERGEANT UCH.  Both prior to and during the time in which Defendant SERGEANT UCH detained and filmed Plaintiff, SERGEANT UCH was not faced with any circumstances that would have led a reasonable police officer to believe that Plaintiff posed a risk of concealing contraband.

75.     Throughout the incident described in this Complaint, Defendant CITY and the Los Angeles Police Department, including SERGEANT UCH, detained Plaintiff, without lawful warrant, and without having probable cause or any reasonable suspicion to believe that Plaintiff had committed any crime or would commit a crime in the future, and after Plaintiff had been unlawfully photographed and recorded. During this detention, Plaintiff was not free to leave, and was not allowed access to any family members, despite SERGEANT UCH's knowledge that Plaintiff was a minor. Plaintiff had not done anything to justify her false arrest and imprisonment.

76.     As a direct, legal and proximate result of the acts of Defendants, and each of them, as set forth herein, JANE DOE suffered severe emotional distress which has caused JANE DOE to sustain severe, serious and permanent injuries to her mind and body, and economic and non-economic damages in an amount to be shown according to

proof and within the jurisdiction of this Court.

77.     As a direct and proximate result of the aforementioned acts, JANE DOE has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, panic, depression, fear of police, anxiety, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, all to her damage in a sum to be determined at trial.

78.     As a further result of the acts herein alleged, Plaintiff has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and/or counseling. Additionally, JANE DOE has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated violations. As an additional result of the conduct of each of these defendants, JANE DOE has lost past and future earnings and/or earning capacity in an amount to be determined according to proof at trial.

## FIFTH CAUSE OF ACTION
### Negligence
### (Against All Defendants)

79.     Plaintiff incorporates and realleges all of the previous allegations as though fully set forth herein.

80.     All claims asserted herein against the Defendant CITY are presented pursuant to the CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a). Additionally, Defendants CITY and DOES 1 through 10 are vicariously liable for the acts alleged herein committed by SERGEANT UCH pursuant to *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, and its progeny, holding "that when, as in this case, a police officer on duty misuses his official authority by [engaging in sexual misconduct with] a woman whom he has detained, the public

entity that employs him can be held vicariously liable." *Mary M.* at 221.

81.     In committing the above described acts, SERGEANT UCH failed to act as a reasonable police officer faced with like circumstances, and acted below the accepted standards of care for his profession by acts which included, but were not limited to, using his governmental authority, police badge, uniform, radio, and police equipment for the express purpose of photographing and video recording minor children with their genitals exposed, including JANE DOE, amongst other wrongful conduct as alleged herein, while on duty and during the hours of his work shift.

82.     In committing the above described acts, SERGEANT UCH additionally failed to act as a reasonable person faced with like circumstances, and failed to exercise ordinary care or skill in the management of his property or person, by acts which included, but were not limited to, SERGEANT UCH video recording JANE DOE with her genitals exposed, watching and video recording as she put on her underwear, and photographing her, all of which were considered by JANE DOE to be sexually offensive contacts to which she did not give consent.

83.     As a direct, legal and proximate result of the acts of Defendants, and each of them, as set forth herein, JANE DOE suffered severe emotional distress which has caused JANE DOE to sustain severe, serious and permanent injuries to her mind and body, and economic and non-economic damages in an amount to be shown according to proof and within the jurisdiction of this Court.

84.     As a direct and proximate result of the aforementioned acts, JANE DOE has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, panic, depression, fear of police, anxiety, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, all to her damage in a sum to be determined at trial.

85.     As a further result of the acts herein alleged, Plaintiff has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and/or

counseling. Additionally, JANE DOE has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated violations. As an additional result of the conduct of each of these defendants, JANE DOE has lost past and future earnings and/or earning capacity in an amount to be determined according to proof at trial.

///

///

## SIXTH CAUSE OF ACTION

### Negligence

### (Against Defendant CITY, and DOES 1 through 10)

86.     Plaintiff incorporates and realleges all of the previous allegations as though fully set forth herein.

87.     As alleged above, SERGEANT UCH was unfit and/or incompetent to perform the work for which he was hired and, more specifically, unfit to be in contact with minor children. JANE DOE is informed and believes and thereon alleges that, prior to the incident alleged herein, Defendants, and each of them, acting under color of their authority as officers and in the course and scope of their employment as such, committed similar acts of failure to supervise subordinates regarding deliberate indifference to the necessity to protect the public, to report officer wrongful conduct, and to assure that minors were not subjected to sexual misconduct by officers, such as SERGEANT UCH.

88.     During, and prior to, the time period that SERGEANT UCH engaged in negligent conduct toward JANE DOE, Defendant CITY, including their employees, administrators and/or agents and DOES 1 through 10, were responsible for the hiring, training and supervision of Defendant's employees, including Defendant SERGEANT UCH. Defendant CITY, including their employees, administrators and/or agents and DOES 1 through 10, ineffectively hired, trained, supervised and/or disciplined SERGEANT UCH and/or failed entirely to train, supervise, discipline and/or discharge SERGEANT UCH and thus are directly liable for JANE DOE's injuries caused by such

1  negligent hiring, training and supervision.

2      89.    At all times herein mentioned, and prior thereto, these Defendants had the

3  duty to train, supervise, and instruct officers and other agents to ensure that they

4  respected and did not violate federal constitutional, federal statutory, California

5  constitutional, and California statutory rights of the public and specifically, minor

6  children.

7      90.    At all times herein mentioned, and prior thereto, these Defendants breached

8  such duties by failing to train, supervise, and instruct officers and other agents to ensure

9  that they respected and did not violate federal constitutional, federal statutory, California

10  constitutional, and California statutory rights of the public and specifically, minor

11  children.

12      91.    Upon information and belief, Defendant CITY, including LAPD, their

13  employees, administrators and/or agents and DOES 1 through 10, knew or reasonably

14  should have known of SERGEANT UCH's dangerous and exploitive propensities and/or

15  that SERGEANT UCH was an unfit/incompetent agent. Nevertheless, Defendant CITY,

16  including LAPD, their employees, administrators and/or agents and DOES 1 through 10,

17  negligently hired and/or retained SERGEANT UCH in the position of trust and authority

18  as a law enforcement officer, and authority figure, where he was able to commit the

19  wrongful acts against Plaintiff.  Defendant CITY, including LAPD, their employees,

20  administrators and agents and DOES 1 through 10, failed to use reasonable care in

21  investigating and supervising SERGEANT UCH and negligently retained SERGEANT

22  UCH despite SERGEANT UCH's dangerous propensities and unfitness.  Defendants

23  further failed to take reasonable measures to prevent future sexual misconduct against

24  Plaintiff and others.

25      92.    During the time period that SERGEANT UCH engaged in negligent

26  conduct toward JANE DOE, Defendant CITY, including LAPD and their employees,

27  administrators and/or agents and DOES 1 through 10, were responsible for the hiring,

28  training and supervision of Defendant's employees, including SERGEANT UCH.

Defendant CITY, including LAPD, their employees, administrators and/or agents and DOES 1 through 10, ineffectively hired, trained, supervised and/or disciplined SERGEANT UCH and/or failed entirely to train, supervise, discipline and/or discharge SERGEANT UCH and thus, are directly liable for JANE DOE's injuries caused by such negligent hiring, training and supervision.

93.     Prior to or during the unlawful conduct by SERGEANT UCH as alleged herein, Plaintiff is informed and believes that Defendants knew, had reason to know, or were otherwise on notice of the negligence and unlawful sexual conduct by SERGEANT UCH. Plaintiff is informed and believes that Defendants failed to take reasonable steps to supervise and/or discipline SERGEANT UCH and failed to implement reasonable safeguards to avoid acts of unlawful sexual conduct in the future by SERGEANT UCH, including, but not limited to, preventing or avoiding placement of SERGEANT UCH in functions or environments in which contact with minor girls was an inherent part of those functions or environments. Furthermore, Plaintiff is informed and believes that at no time during the periods of time alleged did Defendants have in place a system of procedure to supervise and/or monitor employees, volunteers, representatives, or agents to insure that they did not molest or abuse minors in Defendants' care, including Plaintiff.

94.     Additionally, Defendants, and each of them, had a duty to investigate their subordinates, and to instruct their subordinates to prevent similar acts to other persons, but failed to take steps to properly train, supervise, investigate or instruct officers and as a result JANE DOE was harmed by the failure to train, supervise, investigate or instruct.

95.     As a direct, legal and proximate result of the acts of Defendants, and each of them, as set forth herein, JANE DOE suffered severe emotional distress which has caused JANE DOE to sustain severe, serious and permanent injuries to her mind and body, and economic and non-economic damages in an amount to be shown according to proof and within the jurisdiction of this Court.

96.     As a direct and proximate result of the aforementioned acts, JANE DOE has

suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, panic, depression, fear of police, anxiety, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, all to her damage in a sum to be determined at trial.

97.     As a further result of the acts herein alleged, Plaintiff has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and/or counseling. Additionally, JANE DOE has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated violations. As an additional result of the conduct of each of these defendants, JANE DOE has lost past and future earnings and/or earning capacity in an amount to be determined according to proof at trial.

## SEVENTH CAUSE OF ACTION

### Negligence Per Se

### (Against All Defendants)

98.     Plaintiff incorporates and realleges all of the previous allegations as though fully set forth herein.

99.     All claims asserted herein against the Defendant CITY are presented pursuant to the CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a). Additionally, Defendants CITY and DOES 1 through 10 are vicariously liable for the acts alleged herein committed by SERGEANT UCH pursuant to *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, and its progeny, holding "that when, as in this case, a police officer on duty misuses his official authority by [engaging in sexual misconduct with] a woman whom he has detained, the public entity that employs him can be held vicariously liable." *Mary M.* at 221.

100.     By taking videos of the minor Plaintiff with her genitals exposed,

Defendant SERGEANT UCH violated California Penal Code sections 311.3, 311.4, and 311.11, which criminalize the production and possession of child pornography.

101.   Plaintiff's harm resulted from the kind of occurrence that Penal Code §§ 311.3, 311.4, and 311.11 were designed to prevent; to wit, sexual exploitation of a child.

102.   As a minor at the time of the above-described incident, Plaintiff was a member of the class that Penal Code §§ 311.3, 311.4, and 311.11 was intended to protect.

103.   SERGEANT UCH's videotaping of the minor Plaintiff while she was naked with her genitals exposed was a substantial factor in causing JANE DOE's harm.

104.    As a direct, legal and proximate result of the acts of Defendants, and each of them, as set forth herein, JANE DOE suffered severe emotional distress which has caused JANE DOE to sustain severe, serious and permanent injuries to her mind and body, and economic and non-economic damages in an amount to be shown according to proof and within the jurisdiction of this Court.

105.   As a direct and proximate result of the aforementioned acts, JANE DOE has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, panic, depression, fear of police, anxiety, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, all to her damage in a sum to be determined at trial.

106.   As a further result of the acts herein alleged, Plaintiff has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and/or counseling. Additionally, JANE DOE has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated violations. As an additional result of the conduct of each of these defendants, JANE DOE has lost past and future earnings and/or earning capacity in an

amount to be determined according to proof at trial.

## EIGHTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against ALL Defendants)

107.   Plaintiff incorporates and realleges all previous allegations contained in this Complaint as though fully set forth herein.

108.   All claims asserted herein against the Defendant CITY are presented pursuant to the CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a). Additionally, Defendants CITY and DOES 1 through 10 are vicariously liable for the acts alleged herein committed by SERGEANT UCH pursuant to *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, and its progeny, holding "that when, as in this case, a police officer on duty misuses his official authority by [engaging in sexual misconduct with] a woman whom he has detained, the public entity that employs him can be held vicariously liable." *Mary M.* at 221.

109.   The actions of Defendants, and each of them, as set forth herein, were intentional, extreme, and outrageous. Such actions were done with the intent to cause serious emotional distress or with reckless disregard of the probability of causing JANE DOE serious emotional distress.

110.    As a direct, legal and proximate result of the acts of Defendants, and each of them, as set forth herein, JANE DOE suffered severe emotional distress which has caused JANE DOE to sustain severe, serious and permanent injuries to her mind and body, and economic and non-economic damages in an amount to be shown according to proof and within the jurisdiction of this Court.

111.    As a direct and proximate result of the aforementioned acts, JANE DOE has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, panic, depression, fear of police, anxiety,

embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, all to her damage in a sum to be determined at trial.

112.   As a further result of the acts herein alleged, Plaintiff has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and/or counseling. Additionally, JANE DOE has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated violations. As an additional result of the conduct of each of these defendants, JANE DOE has lost past and future earnings and/or earning capacity in an amount to be determined according to proof at trial.

113.   JANE DOE is informed and believes that the aforementioned acts directed towards the JANE DOE were carried out with a conscious disregard of JANE DOE's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to *California Civil Code Section* § 3294, entitling JANE DOE to punitive damages in an amount appropriate to punish and set an example of SERGEANT UCH.

## WHEREFORE, PLAINTIFF PRAYS:

1.   For medical and related expenses according to proof;

2.   For past and future loss of earnings according to proof;

3.   For attorney's fees pursuant, investigation fees, and expert witness fees incurred herein;

4.   For costs of suit incurred herein;

5.   For special damages for economic losses according to proof;

6.   For general damages for non-economic losses in an amount to be determined according to proof at trial;

7.   For punitive damages against all non-public entity defendants in an amount

JANE DOE COMPLAINT FOR DAMAGES

1    to be determined according to proof at trial;

2        8.       For such other and further relief as the court deems just and proper.

3

4    DATED: May 12, 2016                          THE COCHRAN FIRM - CALIFORNIA

5

6                                                 By____/s/ Jennifer A. Bandlow____
    _____              JENNIFER A. BANDLOW
7                                                  JONATHAN D. EVANS
                                                   Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JANE DOE COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2

3          Plaintiff, JANE DOE, hereby demands a jury trial on all causes of action.

4

5

6    DATED: May 12, 2016                    THE COCHRAN FIRM - CALIFORNIA

7

8                                           By_____ /s/ Jennifer A. Bandlow
     _____           JENNIFER A. BANDLOW
9                                               JONATHAN D. EVANS
10                                              Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JANE DOE COMPLAINT FOR DAMAGES